[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD
The plaintiff, Eileen Krasnow, filed an application to vacate an arbitration award entered by the Department of Consumer Protection, Automobile Dispute Settlement Program, on February 2, 1998. The plaintiff and the defendant, Mercedes-Benz of North America, Inc., entered into a written agreement to arbitrate their dispute on October 21, 1997. The dispute arises from numerous complaints the plaintiff has had concerning the air conditioning system in a 1996 Mercedes-Benz automobile purchased from Continental Motors, Inc. on April 29, 1996. The arbitrators rendered a decision in favor of the defendant on January 12, 1998.
The plaintiff seeks to have the arbitrators' decision vacated pursuant to General Statutes § 42-181 (c)(4) on the ground that a majority of the arbitration panel exceeded their statutory powers or so imperfectly executed their powers that a proper award was not made, because General Statutes § 42-179 does not require a vehicle defect to exist at the time of the arbitration hearing. The defendant filed an objection to the motion to vacate on February 19, 1998 and a supplemental memorandum on March 9, 1998, arguing that the arbitrators did not exceed their statutory authority, and that the award, which was supported by the evidence, complied with General Statutes §§42-179 and 42-181.
 DISCUSSION A. Statutory Authority
Where the parties arbitrate pursuant to statute, the statute itself defines the powers of the arbitrators. Any deviation by the arbitrators from the statutory bounds under which they CT Page 9546 operate would indicate that they had exceeded their powers, a basis for vacating any offending part of the award, under General Statutes 52-418 (a)(4).[1] Chrysler Corp. v. Maiocco,209 Conn. 579, 591, 552 A.2d 1207 (1989). The arbitration statutes involved here provide in pertinent part:
 "If any motor vehicle purchased at any time on or after October 1, 1984 . . . fails to conform to such applicable warranties as defined in . . . section 42-179, a consumer may bring a grievance to an arbitration panel. . . ." General Statutes § 42-181 (b).
 "A review of such application shall be confined to the record of the proceedings before the arbitration panel. The court shall conduct a de novo review of the questions of law raised in the application." General Statutes § 42-181 (c).
 "The arbitration panel shall base its determination of liability solely on whether the manufacturer has failed to comply with section 42-179. The arbitration decision shall be binding as to the rights of the parties pursuant to section 42-179, subject only to judicial review as set forth in this subsection." General Statutes § 42-181 (c).
 B. Decision of the Arbitrators
A majority of the arbitrators in the present case found "adversely to the consumer and [ordered] that no action be taken by the manufacturer." (Objection To Application To Vacate, Exhibit C). The panel found that the documentation and/or testimony presented at the hearing did not indicate a violation of General Statutes § 42-179 et seq., based on the finding that the defect as complained of by the consumer no longer existed. (Objection To Application To Vacate, Exhibit C).
The issue of whether a defect must exist at the time a consumer appears before an arbitration panel pursuant to General Statutes § 42-179 et seq. is a question of law. GeneralMotors Corp. v. Garito, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 572553 (December 12, 1997, Rittenband, J.). In general, the court discussed §42-179 (d), which states in part that if a manufacturer is unable to conform the motor vehicle to any express warranty by repairing or correcting any defect or condition which substantially impairs the use, safety or value of the vehicle after a reasonable number of repair attempts, then the consumer may file a complaint. "The CT Page 9547 significant word here is `after' a reasonable number of attempts. That could mean one day or at any time thereafter. Lemon Law relief becomes applicable and the consumer eligible as to this requirement immediately after completion of a reasonable number of unsuccessful attempts, whether they be two or four. There is nothing in this section that requires the defect to be existing at any time other than immediately after the fourth or second failed attempt.... The statute, read as a whole, clearly states that at any time after 4 or 2 reasonable but unsuccessful attempts, the consumer's problem qualifies on that issue for relief under the Lemon Law." General Motors Corp. v. Garito, supra, Superior Court, Docket No. 572553.
The subject vehicle was brought in for service in regards to the air conditioner on the following dates: May 13, 1996; June 12, 1996; June 25, 1996; July 8, 1996; July 17, 1996; July 31, 1996 and September 4, 1997. (Objection To Motion To Vacate, Exhibit B). The complaint on each of these occasions after June 25, 1996 was substantially the same: that when the air conditioning system was in operation, cold air was emitted from the center vents and warm air from the side and floor vents. (Arbitration Hearing, January 4, 1998, p. 18).[2] The plaintiff's husband testified that the system has worked since the last repairs were made in September of 1997, although the system had not been used much because it was not needed in the winter months. (Arbitration Hearing, January 4, 1998, p. 7). The plaintiff's husband further testified that although the system seemed to be functioning properly after the last repairs were made, it was not uncommon for the system to work for a short period of time immediately following a repair, only to again emit hot and cold air simultaneously. (Arbitration Hearing, January 4, 1998, p. 8). John Anslick, a service representative for Continental Motors, Inc., verified that hot and cold air emitted from the vents simultaneously when the air conditioning was activated, but that the dealership was unable to duplicate this phenomena. (Arbitration Hearing, January 4, 1998, p. 35). In its closing statement, the defendant took the position that the air conditioning system is "working and that any problem (if it existed) is fixed now that the cooling pump has been replaced." (Arbitration Hearing, January 4, 1998, p. 50).
Pursuant to § 42-179 (e)(1), a reasonable number of attempts to repair a defect is presumed where the same nonconformity has been subjected to repair four or more times by the manufacturer, but such nonconformity continues to exist. The CT Page 9548 arbitrators failed to indicate in their award whether they were finding for the defendant because the alleged defect did not exist at the time of arbitration, or after the subject automobile was serviced for the alleged defect four or more times. As discussed above, the alleged defect must exist after the operative repair attempt; there is no requirement that it exist at the time or arbitration. Accordingly, the arbitrators have failed to render a final and definite award.
 CONCLUSION
The plaintiff's motion to vacate the award of the arbitrators is granted on the ground that the arbitrators exceeded their statutory powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made, pursuant to General Statutes § 52-418 (a)(4).
MELVILLE, J.